```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
ARTHUR O. ARMSTRONG,          )
                              )
          Plaintiff,          )
                              )
     v.                       )    1:23CV297
                              )
NORTH CAROLINA, et al.,       )
                              )
          Defendants.         )
```

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case began when Plaintiff filed a Complaint (Docket Entry 1) and thereafter paid the filing fee (see Docket Entry dated Apr. 18, 2023). His commencement of this action does not occur on a blank slate; to the contrary, as this Court (per the late United States District Judge William L. Osteen, Sr.) observed a quarter-century ago (with studied understatement), "Plaintiff has significant litigation experience." Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998), aff'd, No. 98-2360, 168 F.3d 481 (table), 1999 WL 11298 (4th Cir. Jan. 13, 1999) (unpublished). Stated more frankly: "Although prolific, this self-proclaimed semi-professional litigator's efforts have proven meritless." Id. at 618. Worse, "Plaintiff has continued his predatory litigation in the face of sanctions and in disregard of injunctions." Id.; see also id. at 621 ("The imposition of financial penalties and [targeted] injunctions have not protected the [C]ourt or Plaintiff's opponents from Plaintiff's abusive litigating.").

Accordingly, the Court (per Judge Osteen, Sr.) "enjoin[ed] Plaintiff, or anyone acting on his behalf, from filing any new action or proceeding in any federal court, without first obtaining leave of that court," id. at 622, and "enjoin[ed] Plaintiff from filing any further papers in any case, either pending or terminated, in the Middle District of North Carolina, without first obtaining leave of court," id. Undeterred, Plaintiff immediately resumed his campaign of vexatious litigation. See Armstrong v. Koury Corp., No. 1:97CV1028, Minute Entry (M.D.N.C. Sept. 3, 1999) (memorializing oral ruling denying permission to file new complaint); see also, e.g., Armstrong v. Durham Police Dep't, No. 1:00MC123, slip op. (M.D.N.C. Feb. 2, 2001) (denying leave to file action); Armstrong v. Doe, No. 1:00MC50, slip op. (M.D.N.C. June 12, 2000) (same). The Court (per Judge Osteen, Sr.) subsequently modified the above-quoted injunction (A) to "relieve[ Plaintiff] from his duty to procure court approval before instituting future litigation," Armstrong, No. 1:97CV1028, slip op. (M.D.N.C. Feb. 6, 2001), and (B) to substitute this procedure:

> [For a]ny litigation Pl[aintiff ] desires to institute in this [C]ourt, he shall present the pleadings to the clerk and pay to the clerk the required filing fee for instituting new litigation. Upon filing of new proceedings accompanied by the filing fee, [Plaintiff] shall not serve summonses or copies of the complaint upon [any defendant] unless and until the [C]ourt enters an order authorizing Pl[aintiff ] to proceed. The [C]ourt will issue the order to proceed only if it determines that the litigation is not repetitious and not frivolous. The [C]ourt may, on its own initiative, dismiss non-meritorious claims.

2

Id.; see also id. ("All remaining unchanged portions of the original Memorandum Opinion and Order and Injunction not inconsistent herewith shall remain in full force and effect.").

After a multi-year hiatus in activity in this forum following that modification, Plaintiff once more set about making frivolous filings here (and continued that course of conduct intermittently for eight years). See, e.g., Armstrong, No. 1:00MC50, slip op. (M.D.N.C. May 7, 2015) (denying motions as frivolous); Armstrong v. City of Durham, No. 1:09CV15, slip op. (M.D.N.C. Feb. 14, 2012) (adopting recommendation of dismissal due to obvious untimeliness of claims); Armstrong, No. 1:00MC50, slip op. (M.D.N.C. Mar. 6, 2009) (denying motions as frivolous); Armstrong v. City of Greensboro, No. 1:01CV827, 2007 WL 3046185 (M.D.N.C. Oct. 16, 2007) (dismissing action as repetitive and patently deficient). Another pause in Plaintiff's misuse of this Court's resources then ensued, until – on April 7, 2023 – he filed the instant Complaint,[1] which (in addition to the State of North Carolina) names as "Defendants A.G. Bateman and Joan Doe" (Docket Entry 1, ¶ 2), further identified as "Greensboro Police officers" (id.).

According to the Complaint, "Defendants acted in a conspiracy" (id., ¶ 3) and, "[i]n furtherance of such a conspiracy, on March 16[,] 1999, [D]efendants failed to conform to the requirements of

---

1 Notwithstanding that filing date, the Complaint bears a verification date of July 29, 2020. (See Docket Entry 1 at 3.)

3

the federal constitution and laws of the United States" (id., ¶ 4; see also id. (alleging, in conclusory fashion, that Defendants, "without probable cause," denied Plaintiff "equal protection of the law, or of equal privileges and immunities under the law," as well as "due process of law in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States when [they] stopped, detained and assaulted [Plaintiff], made entry without a warrant onto personal premise of [Plaintiff], searched and seized his property, put him in the cruiser and hauled him down to the magistrate's office and subjected him to a breathalyzer and the magistrate detained [Plaintiff] in a holding cell without due process of law" (emphasis omitted))). The Complaint "prays for judgment in the sum of $125,000,000.00 under 42 U.S.C.[ §§] 1985 and 1986 – Civil Rights Act." (Id. at 2.)

The claims in the Complaint suffer from many of the same fundamental defects which doomed Plaintiff's prior, post-injunction, litigation efforts. For example, the Complaint focuses on events which allegedly transpired 24 years ago (see id., ¶ 4), i.e., decades after the applicable limitations period lapsed, see 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."); Manion v. North Carolina Med. Bd., 693 F. App'x 178, 182 (4th Cir. 2017) ("[W]e conclude that the remaining § 1983[ and] § 1985 . . . claims against [the defendant]

4

are barred by their respective statutes of limitations. It is well settled that § 1983 and § 1985 borrow the state's general personal injury limitations period. North Carolina's statute of limitations in personal injury cases runs three years . . . ." (internal brackets, quotation marks, ellipsis, and citation omitted)). As with actions by Plaintiff previously rejected by this Court, when "filed [long] after expiration of the statute of limitations governing his claims," Armstrong, No. 1:09CV15, Docket Entry 2, at 3 (M.D.N.C. Dec. 30, 2011), recommendation adopted, slip op. (M.D.N.C. Feb. 14, 2012), "[h]is [instant] claims are therefore non-meritorious and should be dismissed pursuant to the injunction limiting the initiation of civil litigation by Plaintiff," id.

Further, the Complaint's (above-quoted) claims against Defendants Bateman and Doe echo claims Plaintiff unsuccessfully endeavored to litigate in the past (albeit with the date of the purported constitutional violations altered by a month and the damages demand enlarged by a factor which appears to exceed the rate of inflation, even with its spike in recent years). See, e.g., Proposed Compl. at 2-4, Armstrong, No. 1:00MC50, Docket Entry 53-1 (M.D.N.C. June 27, 2012) ("Defendant[s] A.G. Bateman and Joan Doe are police officers who transgressed the Fourth and Fourteenth Amendments to the Constitution of the United States. . . . Defendants acted in a conspiracy. In furtherance of such conspiracy, on April 16, 1999, in Guilford County, NC, defendants

5

failed to conform to the requirements of the federal constitution and laws of the United States . . . [by,] without probable cause, stopp[ing], detain[ing] and assault[ing P]laintiff; ma[king] an entry without a warrant onto private areas of personal premise of [ P]laintiff, search[ing] and seiz[ing] his property and invad[ing] his privacy in violation of the Fourth Amendment . . .; then act[ing] with active connivance in the making of the DWI false reports . . . den[ying his] rights protected by the Equal Protection Clause and haul[ing P]laintiff down to the jailhouse [where] the magistrate jailed [ P]laintiff in violation of the Fourth and Fourteenth Amendments . . . . Plaintiff prays for . . . [c]ompensatory and [p]unitive damages in the sum or $50,000,000 under 42 U.S.C. [§§] 1983, 1985 & 1986 – Civil Rights Act." (internal paragraph numbers and emphasis omitted)); see also Armstrong, No. 1:00MC50, slip op. (M.D.N.C. Jan. 10, 2013) (denying motion to file foregoing proposed complaint as frivolous).

"[T]his action [thus should be] dismissed as an attempt to relitigate matters which have been previously dismissed." Armstrong, 2007 WL 3046185, at *1. Finally, due to its conclusory character, "[e]ven if it were not an attempt to resurrect a matter previously dismissed, [the Complaint] is insufficient to state a cause of action." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (requiring "factual matter" to support claims and ruling "legal conclusions" and "conclusory statements" insufficient).[2]

**IT IS THEREFORE RECOMMENDED** that this action be dismissed.

                                                  /s/ L. Patrick Auld
                                                       **L. Patrick Auld**
                                       **United States Magistrate Judge**

April 21, 2023

---

[2] Any claim against the State of North Carolina also cannot proceed in this Court. See Manion, 693 F. App'x at 180 ("Under the Eleventh Amendment, states . . . are immune from suit. Eleventh Amendment immunity withdraws jurisdiction over a suit and mandates dismissal." (internal citations, quotation marks, and brackets omitted)).