IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ARTHUR O. ARMSTRONG,            )
                                )
            Plaintiff,          )
                                )
      v.                        )     1:23CV297
                                )
NORTH CAROLINA, et al.,         )
                                )
            Defendants.         )
```

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

On April 7, 2023, Plaintiff commenced this action by filing a Complaint (Docket Entry 1) and he later paid the filing fee (see Receipt of Funds dated Apr. 18, 2023). The Complaint "prays for judgment in the sum of $125,000,000.00 under 42 U.S.C.[ §§] 1985 and 1986" (Docket Entry 1 at 2), against North Carolina and two Greensboro police officers (see id. at 1), for an incident on "March 16[,] 1999" (id.),

> when [the officers] stopped, detained and assaulted [Plaintiff], made an entry without a warrant onto personal premise of [Plaintiff], searched and seized his property, put him in the cruiser and hauled him down to the magistrate's office and subjected him to a breathalyzer and the magistrate detained [Plaintiff] in a holding cell without due process of law until [his] daughter came and retrieved him.

(Id. at 1-2.)

Because of Plaintiff's history of "predatory litigation in the face of sanctions," Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 618 (M.D.N.C. 1998), aff'd, No. 98-2360, 168 F.3d 481 (table), 1999 WL 11298 (4th Cir. Jan. 13, 1999) (unpublished), the Court (per the

late United States District Judge William L. Osteen, Sr.) previously "enjoin[ed] Plaintiff . . . from filing any new action or proceeding in any federal court, without first obtaining leave of that court," id. at 622. Undeterred, Plaintiff immediately resumed his campaign of vexatious litigation. See, e.g., Armstrong v. Koury Corp., No. 1:97CV1028, Minute Entry (M.D.N.C. Sept. 3, 1999) (memorializing oral denial of permission to file new complaint). The Court (per Judge Osteen, Sr.) later modified the injunction (A) to "relieve[ Plaintiff] from his duty to procure court approval before instituting future litigation," Armstrong v. Koury Corp., No. 1:97CV1028, Docket Entry 48 at 2 (M.D.N.C. Feb. 6, 2001) (slip op.), and (B) to substitute this procedure:

> [For a]ny litigation [Plaintiff] desires to institute in this [C]ourt, he shall present the pleadings to the clerk and pay to the clerk the required filing fee for instituting new litigation. Upon filing of new proceedings accompanied by the filing fee, [Plaintiff] shall not serve summonses or copies of the complaint upon [any defendant] unless and until the [C]ourt enters an order authorizing [Plaintiff] to proceed. The [C]ourt will issue the order to proceed only if it determines that the litigation is not repetitious and not frivolous. The [C]ourt may, on its own initiative, dismiss non-meritorious claims.

Id.

After a multi-year hiatus in activity in this Court, Plaintiff once more set about making frivolous filings here (and continued that course of conduct intermittently for eight years). See, e.g., Armstrong v. Doe, No. 1:00MC50, Docket Entry 71 (M.D.N.C. May 7, 2015) (slip op.) (denying motions as frivolous); Armstrong v. City

2

of Greensboro, No. 1:01CV827, 2007 WL 3046185 (M.D.N.C. Oct. 16, 2007) (unpublished) (dismissing action as repetitive and patently deficient). Another pause then ensued, until this year, when Plaintiff instituted this action, as to which the undersigned Magistrate Judge recommended "dismiss[al] as an attempt to relitigate matters which have been previously dismissed," Armstrong v. North Carolina, No. 1:23CV297, 2023 WL 4138722, at *3 (M.D.N.C. Apr. 21, 2023) (unpublished), recommendation adopted, 2023 WL 4133937 (M.D.N.C. June 22, 2023) (unpublished) (Osteen, Jr., J.), and independently "insufficient to state a cause of action," id.

"Plaintiff did not object to th[at r]ecommendation." Armstrong, 2023 WL 4133937, at *1, but instead filed more than a dozen motions, all but one of which the Court (per Judge Osteen, Jr.) ordered "stricken because they [we]re procedurally improper and otherwise defective," id., and the last of which (seeking leave to file another complaint) the Court "denied due to [the motion's] conclusory nature and . . . for the same basic reasons noted in the [r]ecommendation," id. That order also adopted the recommendation of dismissal, see id., and included this warning: "Plaintiff is hereby cautioned against making similar improper filings in any other cases. Failure to heed this warning shall result in the imposition of monetary and non-monetary sanctions." Id.

Between entry of the foregoing recommendation and order, Plaintiff commenced three other cases, see Compl., Armstrong v.

3

North Carolina, No. 1:23CV364, Docket Entry 1 (M.D.N.C. May 1, 2023); Compl., Armstrong v. North Carolina, No. 1:23CV378, Docket Entry 1 (M.D.N.C. May 8, 2023); Compl., Armstrong v. North Carolina, No. 1:23CV380, Docket Entry 1 (M.D.N.C. May 8, 2023).[1] "[Via Text] Recommendation, the [undersigned] Magistrate Judge recommend[ed] that [the action filed on May 1, 2023] be dismissed." Armstrong v. North Carolina, No. 1:23CV364, Docket Entry 59 at 1 (M.D.N.C. July 19, 2023) (slip op.) (Osteen, Jr., J.). "Following entry of th[at] Text Recommendation, Plaintiff filed a plethora of motions for summary judgment, a motion to amend the complaint, and a motion for leave to file a complaint." Id. (internal citations omitted). "Plaintiff also filed a petition in opposition to the [Text] Recommendation, which th[e C]ourt construe[d] as an objection to the [Text] Recommendation and a motion requesting leave to amend." Id. (internal citation omitted).

The Court (per Judge Osteen, Jr.) (A) adopted that Text Recommendation of dismissal, see id. at 2, (B) "f[ound] the [amendment-related] motions should be denied due to their conclusory nature and because they [we]re otherwise defective for the same basic reasons stated in [Armstrong, 2023 WL 4138722]," Armstrong, No. 1:23CV364, Docket Entry 59 at 2, and (C) ordered

---

1 Plaintiff has not paid the filing fee in the last of those three cases and the undersigned Magistrate Judge has addressed that issue by separate order in that case. See Armstrong v. North Carolina, No. 1:23CV380 (M.D.N.C. Sept. 21, 2023) (Text Order).

4

"[the] other motions . . . stricken because they [we]re procedurally improper," id. The order again "cautioned [Plaintiff] against making similar improper filings in any other cases," id., and emphasized that "[f]ailure to heed th[at] warning may result in the imposition of monetary and non-monetary sanctions," id.

Meanwhile, in another of the pending cases, Plaintiff filed nearly 300 motions between May 16, 2023, and July 10, 2023. See Docket, Armstrong v. North Carolina, No. 1:23CV378 (M.D.N.C.).[2] Toward the tail-end of that filing frenzy (and more than a week after the closing of this case via entry of a Judgment (Docket Entry 20) and notice to Plaintiff that he faced monetary and non-monetary sanctions if he continued to make frivolous filings, see Armstrong, 2023 WL 4133937, at *1), Plaintiff filed (in this case) a Motion for Reconsideration (Docket Entry 21), with a (conclusory) proposed complaint against North Carolina and a police chief, regarding a driving-infraction-related incident "on April 16, 1999" (Docket Entry 21-1 at 1). A month later, Plaintiff instituted yet another frivolous action. See Armstrong v. North Carolina, No. 1:23CV642, Docket Entry 2 (M.D.N.C. Sept. 21, 2023) (recommending dismissal and monetary sanction). Lastly (as concerns Plaintiff's recent filings in this Court), on August 14, 2023, the Clerk

---

2 The undersigned Magistrate Judge recently recommended that the Court dismiss that action, strike all the pending motions, and impose monetary and non-monetary sanctions against Plaintiff. See Armstrong v. North Carolina, No. 1:23CV378, Docket Entry 299 at 16-17 (M.D.N.C. Sept. 21, 2023) (slip op.).

5

docketed an unsigned Petition for Leave to File Amended Complaint dated August 10, 2023, bearing the caption of this case (see Docket Entry 22 at 1), to which Plaintiff attached a Proposed Complaint (dated as signed and verified on August 10, 2023) asserting a conclusory Section 1983 claim against North Carolina and Quentin T. Sumner, over a driving-infraction-related incident on September 14, 2020 (see Docket Entry 22-1 at 1-3).

The Court should strike the Motion for Reconsideration and the Petition for Leave to File Amended Complaint as frivolous attempts to avoid paying the filing fee for complaints lacking any connection to the matters raised in this closed case and any colorable basis due to their conclusory character, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring "factual matter," rather than "legal conclusions" and "conclusory statements," to sustain claims). Along with striking Plaintiff's post-judgment filings, the Court should impose monetary and non-monetary sanctions against Plaintiff because of his unrelenting abuse of this Court's limited resources (as detailed above). On the subject of sanctions, the Court should take particular note of the fact that (as detailed above), on multiple occasions after warnings from the Court against continuing to make frivolous filings and of the consequences for disregarding such warnings, Plaintiff has persisted in his pattern of abusive litigation practices.

These words from the United States Supreme Court apply with equal force to the situation the Court confronts here:

> Every paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.  The continual processing of [Plaintiff's] frivolous [filings] does not promote that end.

In re McDonald, 489 U.S. 180, 184 (1989); see also Blakely v. Wards, 738 F.3d 607, 623 (4th Cir. 2013) (Wilkinson, J., concurring) ("Federal courts have the obligation to reserve their attentions for those litigants who have not previously abused the system.").  The injunction currently in place against Plaintiff prevents him from using pauper applications to evade filing fees, but Plaintiff has thwarted that limitation on his ability to unreasonably burden the Court by paying the filing fee for one (conclusory) complaint and then filing motions in that case presenting additional (unrelated and conclusory) complaints.  The Court should impose a monetary sanction for that abusive conduct (which Plaintiff has perpetrated despite notice that monetary sanctions would follow)³ and should supplement the existing

---

3 An assessment of $100 for each of the two frivolous post-judgment motions Plaintiff filed in this case (for a total of $200) represents a proportional response by the Court, in line with action taken against Plaintiff by the United States Court of Appeals for the Fourth Circuit for like reasons, see In re Armstrong, Nos. 14-347 (L), 14-348, 14-351, 14-352, 14-359, 14-361 – 14-374, Docket Entry 11 at 5 (4th Cir. Oct. 14, 2014) (slip op.) ("Because Armstrong has shown no willingness to curtail his
(continued...)

7

injunction to preclude him from filing any documents in a closed case, unless the Court, upon or in conjunction with its entry of judgment, chooses to authorize other specified filings (such as by certifying an appeal as of some merit).[4]

**IT IS THEREFORE RECOMMENDED** that the Motion for Reconsideration (Docket Entry 21) and the Petition for Leave to File Amended Complaint (Docket Entry 22) be stricken without a certification that an appeal would have any merit.

**IT IS FURTHER RECOMMENDED** that Plaintiff be ordered to pay $200 as a monetary sanction for his abusive litigation conduct.

**IT IS FURTHER RECOMMENDED** that Plaintiff be enjoined from filing any document with this Court in any case unless and until he first pays any outstanding monetary sanction(s) and that any documents submitted to the Court by Plaintiff prior to such payment be held for his retrieval or returned to him without docketing.

---

3(...continued)
litigious behavior, which causes an unjustified waste of judicial resources, we sanction him $2000 and enjoin him from filing any pleading in this court until the sanction is paid.").

4 Consistent with the proposed supplemental injunction, a neighboring court similarly plagued by Plaintiff's vexatious filings has ordered that, "[o]ther than a notice of appeal [authorized at the time of entry of a judgment], the court will not accept any further filings in any case that is dismissed or closed," Armstrong v. Woodard, No. 5:12CV805, Docket Entry 26 at 4 (E.D.N.C. Mar. 29, 2013) (slip op.), leave to appeal denied, In re Armstrong, Nos. 22-273, 22-274, Docket Entry 9 (4th Cir. Dec. 13, 2022) (slip op.), reconsideration denied, Docket Entry 14 (4th Cir. Jan. 30, 2023) (slip op.); see also id. ("All such [post-judgment] documents will be held for his retrieval or returned to Armstrong without entry on the docket sheet by the Clerk.").

**IT IS FURTHER RECOMMENDED** that, as a supplement to any other injunction(s) against him, Plaintiff be enjoined as follows: Plaintiff shall not file any documents in a closed case, unless the Court, upon or in conjunction with its entry of judgment, chooses to authorize other specified filings (such as by certifying an appeal as of some merit). Any post-judgment documents submitted to the Court by Plaintiff without authorization or beyond the scope of any authorization shall be held for his retrieval or returned to him without docketing.

        /s/ L. Patrick Auld
        **L. Patrick Auld**
     **United States Magistrate Judge**

September 22, 2023